**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Willie Dee SCOTT, Jr., Defendant–**
**Appellant.**

**No. 08–20499**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 26, 2010.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal, Public Defender Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Willie Dee Scott, Jr., appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. Scott's Section 3852(c)(2) motion asserted that he was eligible for a sentence reduction based on Amendment 706, which modified the sentencing guideline ranges applicable to crack cocaine offenses by reducing the disparity between crack cocaine and powder cocaine sentences.

---

Scott's calculated sentencing guideline range was 210 to 262 months of imprisonment. Scott, however, was subject to 18 U.S.C. § 841's statutory minimum sentence of 240 months. As a result, the calculated sentencing guideline range of 210 to 262 months was displaced with a sentencing guideline range of 240 to 262 months of imprisonment.

Under this court's decision in *United States v. Carter*, 595 F.3d 575, 577–81 (5th Cir.2010), because Scott was subject to a statutory minimum sentence, which has not been amended since Scott's sentencing, Scott was ineligible for a sentence reduction under Section 3582(c)(2) and U.S.S.G. § 1B1.10, notwithstanding any departure below the statutory minimum sentence. *Id.* Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has   determined that this opinion should not be